JOHN DOE, *ex dem.* MURRAY McCONNEL, appellant, *v.* MARO M. L. REED, appellee.

*Appeal from Morgan.*

Under the statute of this State, it is sufficient for the officer taking an acknowledgment of the making of a deed, to certify, in his certificate, that the grantor personally came before him, and acknowledged the deed to be his voluntary act and deed, for the uses and purposes therein mentioned ; and that the grantor was personally known to the officer, to be the same person that executed the deed, and the identical T. A. of the county where the deed was executed ;— and such a certificate entitles the deed, when recorded, to be read in evidence, without proof of its execution.

A deed, whether it be acknowledged and recorded or not, is valid between the parties.

Where a deed is unrecorded, its execution may be proved by a subscribing witness, and upon such proof being made, it is admissible in evidence.

THIS cause was tried at the October term, 1837, of the Morgan Circuit Court, the Hon. Jesse B. Thomas presiding.

M. McCONNEL, for the appellant.

WM. THOMAS, for the appellee, contended, that the judgment

(1) R. L. 394 ; Gale's Stat. 409.

of the Circuit Court was correct, although the judgment might have been the result of erroneous decisions, or predicated upon erroneous grounds.

That the deed from Arnett to the lessor of the plaintiff, was properly rejected by the Circuit Court, for the reason that the certificate of acknowledgment endorsed thereon was insufficient ; in not stating that Arnett, the grantor, was personally known to the justice, to be the real person who, and in whose name, the acknowledgment was proposed to be made ; and in not stating that Arnett was personally known to him to be the person whose name is subscribed to the deed, as having executed the same.

He further insisted, that the deed was void for uncertainty in reference to the description of the land or lot conveyed ; and that, if the deed was inoperative as a conveyance, for any other cause, the Court did right in excluding it from the jury.

That it was immaterial to this Court, upon what reasons or grounds the Circuit Court made the decision, if correct.

That a deed, purporting to convey an interest in a tract of land, must describe the extent of that interest with respect to the number of acres conveyed ; and that this land, having been subdivided into town lots in the town of Jacksonville, the character of the land was changed by such subdivision, so that it could no longer be known as land, but must be described by the true name, as town lots.   He further contended, that the deed was inoperative, and conveyed no title to the lot in question, because there was no priority of estate between the grantor and grantee, and no possession shown in the grantee.   That the deed from Arnett to the lessor of the plaintiff, conveying, by the words, " remise, release, and forever quitclaim," showed it to be precisely the instrument known to the law as a " release " ; and that, to render such an instrument operative, there must be a priority of estate, or there must be possession in the grantee.

He cited the following authorities : 1 Shep. Touch. 320–323 ; 2 Coke, § 445 – 452 ; 2 Tuck. Black., top page 324 ; 4 Kent 482 ; 6 Comyn 186, title *Release;* 4 Cruise, title *Deed,* ch. 4, side page 99, top page 72 ; Rogers *v.* Shirly, 4 Bibb 355 ; 14 Petersdorff's Abr., title *Release,* 146 – 7.

LOCKWOOD, Justice, delivered the opinion of the Court :

This was an action of *ejectment* brought to recover the possession of lot No. 113, in the town of Jacksonville.   On the trial of this cause, the plaintiff gave in evidence to the jury, the certificate of the Register of the Land Office at Springfield, proving that Thomas Arnett did in May, 1825, purchase the east half of the N. E. quarter of Sec. 20. T. 15 N., R. 10 W., and proved by witnesses, that lot 113, in the town of Jacksonville, is situated in, and is part of, said half quarter section of land, and that one Alexander, upon whom the original declaration was served, was at the

time of service, in possession of said lot No. 113. The plaintiff then offered in evidence a deed, from said Arnett to the lessor of the plaintiff, for said half quarter section of land, which deed is dated 1st March, 1835, and by which Arnett, for the expressed consideration of five hundred dollars, " remised, released, and forever quitclaimed " unto McConnel, his heirs and assigns, all his right to said half quarter section of land, and to all and every part of the various lots and divisions of said tract of land, except a small part therein described. On this deed was endorsed an acknowledgment, in the following words, to wit : " State of Illinois, Morgan county, ss. Personally came Thomas Arnett, (who, to me is personally known to be the same person that executed this deed, and the identical Thomas Arnett of said county,) before me the undersigned, an acting justice of the peace within and for the said county, and acknowledged the foregoing deed to be his voluntary act and deed, for the uses and purposes in said deed mentioned. In testimony whereof, I have hereunto set my hand and seal, at my office, in the county aforesaid, this 21st day of March, 1835. MAT. STACY, *J. P.* [SEAL.]" There was also endorsed on said deed, the following certificate, to wit : " Filed 21st March, 1835, and recorded in the Recorder's Office of Morgan County, Ill., in book H, page 154. D. ROCKWELL, *Recorder.*" To the admissibility of this deed in evidence, the defendant objected, upon the ground that the same was not properly certified by the justice of the peace, to have been properly acknowledged by the said Arnett ; which objection was sustained by the Court. The plaintiff then produced a subscribing witness to the deed, and offered to prove by said witness, the execution of said deed, whereupon the defendant dispensed with the necessity of swearing said witness, and, making no objection to the introduction of such testimony, admitted that said witness would, if sworn, prove that said deed was executed by said Arnett ; but objected to reading said deed to the jury, upon the ground only, that the deed being only a release, was inoperative, for the reason that it had not been proved by the plaintiff, that McConnel was in possession of the premises thereby conveyed, at the date of said deed ; which objection, as to the effect of the deed, was overruled, and the deed read to the jury. The plaintiff then closed his testimony, and the defendant offered to read in evidence various deeds of conveyance for said lot of land, to which the plaintiff objected, because the same did not appear to be proved or acknowledged and recorded, as required by law ; which objections were allowed by the Court, and said deeds offered by the defendant were rejected.

The defendant then offered to prove the execution of said deeds by witnesses, *ore tenus,* to which the plaintiff objected, on the ground that deeds could not be legally authenticated in the manner proposed, and said objection was sustained by the Court ;

whereupon the defendant moved the Court to withdraw from the jury, the deed from Arnett to McConnel, which deed had been admitted without objection, as to the mode of proving the same as aforesaid; which motion was sustained by the Court below, and said deed was rejected as evidence, and thereupon the jury gave a verdict for the defendant.

The errors relied on are, first, that the Court erred in rejecting as evidence, the deed from Arnett, because of the alleged insufficiency of the certificate of acknowledgment; and, secondly, that the Court erred in refusing to permit the plaintiff below to prove the execution of Arnett's deed by a subscribing witness.

The 11th section of the act concerning conveyances of real property, passed 31st January, 1827, declares, "No judge or other officer, shall take the acknowledgment of any person, to any deed or instrument of writing as aforesaid, unless the person offering to make such acknowledgment shall be personally known to him, to be the real person who, and in whose name, such acknowledgment is proposed to be made, or shall be proved to be such, by a credible witness; and the judge or officer taking such acknowledgment, shall, in his certificate thereof, state, that such person was personally known to him to be the person whose name is subscribed to such deed or writing, as having executed the same," (1) &c. The evident object of the legislature, in these directions in relation to the acknowledgment of deeds, is to prevent one individual from personating another. This object is fully accomplished in the certificate endorsed on Arnett's deed. The justice certifies, that he is personally acquainted with Arnett; that he knows that he is the same person who executed the deed; that he is the identical Thomas Arnett of said county, meaning Morgan county, where the deed was acknowledged, and that Arnett acknowledged the deed to be his act and deed for the uses and purposes in said deed mentioned.

If this certificate is not a compliance with the directions of the statute, the Court are at a loss to conceive what would be sufficient.

The Court consequently erred in deciding that the acknowledgment was insufficient. The Court also erred, in rejecting the evidence of the subscribing witness. A deed, whether it be acknowledged and recorded or not, is valid between the parties; and the question whether it is void, as it respects subsequent purchasers, for not being acknowledged and recorded, did not arise in this case.

The judgment below is consequently reversed with costs, and the cause remanded, with instructions to issue a *venire de novo*.

*Judgment reversed and remanded.*

*Note.* See Doe, *ex dem.* Semple, *v.* Miles, *Ante* 315.

(1) R. L. 132; Gale's Stat. 150.